WILL OF QUATSOE: McWEY, Appellant, vs. COOK, Executor, and others, Respondents.

*January 10—February 5, 1929.*

148

150

152

For the appellant there was a brief by *Silverwood & Fontaine,* attorneys, and *G. F. Clifford,* of counsel, all of Green Bay, and oral argument by *Mr. Clifford.*

For the respondents there was a brief by *William Cook,* executor, and *Minahan & Duquaine,* all of Green Bay, and oral argument by *Mr. E. M. Duquaine* and *Mr. Cook.*

ROSENBERRY, J. Many questions were argued here in briefs and upon the oral argument which we do not find it necessary to consider and discuss in this opinion. It is quite apparent that the trial court disposed of this matter upon the merits. While he considered and passed upon the question of laches as it was his duty to do, if the case be affirmed upon the merits other questions become immaterial. There was no fraud committed upon the court in this case. The agreement entered into by Mrs. McWey, Mrs. Snavely, and Mrs. Ryan on December 19, 1923, was not an agreement to withhold any information from the court or in any way defeat the probate of her will or do anything else than to dispose of such of the estate of the mother, Celia Quatsoe, as came by virtue of her will to the parties to the agreement. The question of the mental competency of the deceased Celia Quatsoe was fully litigated in the guardianship proceeding terminated a day or two prior to the making of her will, so that that matter can hardly be an open question. By agreement and stipulation of the parties, the proceedings begun to set aside the deed made by Celia Quatsoe in November, 1924, were dismissed upon the merits, and it was thereby necessarily adjudged that Celia Quatsoe was both mentally competent and free from undue influence.

A careful examination and consideration of this record leaves us with the strong impression that Mrs. Quatsoe was fully competent; that she was not the subject of undue influence, and that such influence as was exerted upon her was exerted for the purpose of preventing her from doing what

she had long contemplated, first preferring her son John, and second her grandson Harold Ryan. The findings of fact and conclusions of law made and filed by the trial judge are amply sustained by the evidence and we find no error in the record. The rules of law applicable to the facts in this case are plain and well understood and were present in the mind of the trial court at the time the decision in this case was rendered. No resort need be had in this case to the undoubted rule that before the determination of the trial court could be set aside it would be necessary for this court to find that there had been an abuse of discretion. The disposition of this case by the trial court is in accord with the clear preponderance and great weight of the evidence.

*By the Court.*—The order appealed from is affirmed.